IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARMEN ORTIZ,

    Plaintiff,

v.                                        Civil. No. 02-1000 WJ/RLP-ACE

CID'S FOOD MARKET, INC.,
a New Mexico Corporation, and
ROBERT E. BACKER,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANTS' MOTION TO DISMISS COUNTS VI AND VII**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Counts VI and VII of Plaintiff's Complaint [Docket No. 45]. Having reviewed the submissions of the parties and the applicable law, I find that the motion is not well taken and will be denied.

Defendants' motion urges that Plaintiff's Complaint fails as a matter of law to state claims for Intentional Infliction of Emotional Distress and Prima Facie Tort because the factual allegations in the Complaint are insufficient to support the claims. The same standard used to evaluate a Rule 12(b)(6) motion is used to evaluate a Rule 12(c) motion. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 n.2 (10th Cir. 2002). Under Rule 12(b)(6), "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). To state a claim under Fed. R. Civ. P. 8(a)(2), the plaintiff must offer a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  The Supreme Court has emphasized that the requirements at the pleading stage are de minimus.  See Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998) (the court must presume that the general allegations in the complaint encompass the specific facts necessary to support those allegations).  Plaintiff's Complaint meets the de minimus notice pleading requirements set out in Fed. R. Civ. P. 8(a)(2).

     IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Counts VI and VII of Plaintiff's Complaint [Docket No. 45] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE